Alfonso de Cumpiano, Juez Ponente
*940 TEXTO COMPLETO DE LA RESOLUCION
La peticionaria, Sra. Haydeé Alamo Umpierre, mediante recurso de certiorari pretende que revisemos la sentencia dictada el 11 de octubre de 1996, por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, en la que se le condenó al pago de una multa y a la restitución de diez mil ($10,000.00) dólares por expedir un cheque sin fondos. Previo a instar este recurso, la peticionaria apeló dicha sentencia el 7 de noviembre de 1996 ante este Tribunal, mas al no cumplir con el requisito de notificación al Procurador General, desestimamos la apelación por carecer de jurisdicción, mediante resolución de 1ro. de julio de 1997.
Remitido el mandato al tribunal de instancia, el 9 de septiembre de 1997 la peticionaria presentó ante dicho tribunal moción al amparo de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, solicitando la reconsideración de la sentencia. Dicha moción fue denegada por el tribunal el 20 de noviembre de 1997 y de ésta recurre ante nos la peticionaria.
En su recurso la peticionaria reproduce las alegaciones de su Moción al amparo de la Regla 185 y/o reconsideración alegando, en síntesis, nulidad de la sentencia. En confusa argumentación, replantea que debió archivarse el caso por haberse radicado tardíamente sin justificación y por haber transcurrido más de 120 días de la presentación de la denuncia sin haberse sometido ajuicio; que no medió la interpelación requerida por ley; que no se admitieron ciertos documentos en evidencia; que el caso no trataba de cheque sin fondo, sino de un pagaré.
Aparte de los incumplimientos reglamentarios del recurso, a la luz de lo dispuesto en la Regla 34 del Reglamento de este Tribunal, y que se replantean en este asunto ya dilucidados en cuanto a una sentencia final y fírme, el mecanismo procesal utilizado por la peticionaria sobre el que pide revisión es improcedente.
La Regla 185 de Procedimiento Criminal se utiliza para corregir una sentencia dictada ilegalmente o para pedir una rebaja de una sentencia dictada correctamente, o sea, que no tiene defecto de forma, ni es ilegal. Dicha regla establece que si la sentencia es ilegal, ésta podrá ser corregida en cualquier momento y que podrá ser rebajada dentro de los noventa (90) días de haber sido dictada, por causa justificada y en bien de la justicia, si no estuviera pendiente de apelación. De estar pendiente una apelación, podrá rebajarse dentro de los sesenta (60) días de recibirse el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de certiorari. Según dicha regla y la jurisprudencia del Tribunal Supremo, los tribunales pueden usar ese mecanismo para modificar una sentencia que excede los límites impuestos por ley o rebajar una sentencia, pero no para variar o dejar sin efecto un fallo. Pueblo v. Valdés Sánchez, 140 D.P.R. _ (1996); E. Chiesa, Derecho Procesal Penal, San Juan, Ed. Forum, 1993, Vol. III, pág. 561.
Los planteamientos de la peticionaria en este recurso van dirigidos a que se revoque el fallo del tribunal bajo el que se le encontró culpable utilizando el mecanismo procesal errado, ante la pre vía desestimación de la apelación por este Tribunal. A esta etapa, no tenemos jurisdicción para entender en los mismos. Hacemos constar que la peticionaria ha presentado esta petición carente de méritos, claramente improcedente, en detrimento del mejor uso de los recursos de este tribunal. Se le apercibe que dicho proceder puede estar sujeto a las sanciones contempladas en la Regla 85 (C) del Reglamento de este Tribunal.
En virtud de todo lo anterior, se desestima el recurso.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General